UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
 CHRISTOPHER BEAN,

                             Plaintiff,

                  Civil Case No: 2:17-CV-1981

        -against-

 TOYOTA MOTOR SALES U.S.A., INC.
 d/b/a TRI-COUNTY LEXUS,
 BOB CIASULLI AUTO GROUP, INC.          **COMPLAINT**
 d/b/a TRI-COUNTY LEXUS,
 UNITED GALAXY, INC.
 d/b/a TRI-COUNTY LEXUS,         Plaintiff Demands
 RENE CRUZ, individually,         a Trial by Jury
 ORLANDO PEREZ, individually, and
 HUSSAIN GHAMLOUCH, individually,

                    Defendants.
------------------------------------------------------------------X

        Plaintiff,  CHRISTOPHER BEAN (hereinafter referred to as "BEAN" and/or "Plaintiff"),

by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of

Defendant TOYOTA MOTOR SALES U.S.A., INC. d/b/a TRI-COUNTY LEXUS (hereinafter

referred to as "TOYOTA"), Defendant BOB CIASULLI AUTO GROUP, INC.d/b/a TRI-

COUNTY LEXUS (hereinafter referred to as "BCAG"), Defendant UNITED GALAXY, INC.

d/b/a TRI-COUNTY LEXUS (hereinafter referred to as "UNITED"), Defendant RENE CRUZ

(hereinafter referred to as "CRUZ"), Defendant ORLANDO PEREZ (hereinafter referred to as

"PEREZ"), and Defendant HUSSAIN GHAMLOUCH (hereinafter referred to as

"GHAMLOUCH") (hereinafter collectively referred to as "Defendants"), upon information and

belief, as follows:

**NATURE OF CASE**

1.  Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), as amended, and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of sex/gender discrimination and disability discrimination, together with hostile work environment, retaliation and unlawful termination by Defendants.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.  Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4.  On or about June 2, 2016, Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5.  On or about December 30, 2016, Plaintiff received a Right to Sue Letter from the EEOC.

6.  Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

**7.** Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the District of New Jersey.

## PARTIES

8. Plaintiff is an individual male who is a resident of the State of New Jersey, in the County of Passaic.

9. At all times material, Defendant TOYOTA MOTOR SALES U.S.A., INC. d/b/a TRI-COUNTY LEXUS is a foreign for-profit corporation duly existing by the virtue and laws of the State of California that does business in the State of New Jersey.

10. At all times material, Defendant BOB CIASULLI AUTO GROUP, INC. d/b/a TRI-COUNTY LEXUS is a domestic profit corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

11. At all times material, Defendant UNITED GALAXY, INC. d/b/a TRI-COUNTY LEXUS is a domestic profit corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New Jersey.

12. At all times material Plaintiff was jointly employed by TOYOTA, BCAG, and UNITED (hereinafter referred to as the "TRI-COUNTY LEXUS DEFENDANTS").

13. At all times material, Defendants owned and operated a Lexus car dealership, "Tri-County Lexus," located at 700 US-46 in Little Falls, New Jersey 07424 (hereinafter referred to as "The Dealership").

14. At all times material, Defendants jointly employed Plaintiff as a salesperson at The Dealership.

15. At all times material, Defendant RENE CRUZ was and is the General Sales Manager at The

Dealership.

16. At all times material CRUZ had supervisory authority over Plaintiff with regard to his employment.

17. At all times material, ORLANDO PEREZ was and is a manager of The Dealership.

18. At all times material PEREZ had supervisory authority over Plaintiff with regard to his employment.

19. At all times material, HUSSAIN GHAMLOUCH was and is a supervisor at The Dealership.

20. At all times material GHAMLOUCH had supervisory authority over Plaintiff with regard to his employment.

## MATERIAL FACTS

21. In or around July 2014, Plaintiff was involved in a serious motor vehicle accident. Plaintiff suffered numerous injuries to his back and spine, resulting in ruptured and herniated discs in his spinal column.

22. As a result of the accident, Plaintiff was partially disabled and unable to walk long distances. In order to assist with Plaintiff's limited mobility, Plaintiff applied for and received a Disability Placard for his motor vehicle. The placard permitted Plaintiff to park in handicap spaces and reduce the amount that Plaintiff would need to walk.

23. In or around December 2015, Defendants hired Plaintiff as a salesperson at The Dealership. Plaintiff quickly became one of the best salesman at The Dealership.

24. At the time that Defendants hired Plaintiff, Plaintiff was still partially disabled and required a handicap parking space to accommodate his ongoing disability.

25. In or around January 2016, Plaintiff approached Defendants' Sales Manager, PEREZ, to request a reasonable accommodation. Plaintiff asked PEREZ if Plaintiff could be designated a handicapped parking spot due to Plaintiff's disability.

26. PEREZ informed Plaintiff that he would not accommodate Plaintiff's request. Shortly thereafter, PEREZ informed Plaintiff to speak with Defendants' General Sales Manager, CRUZ, regarding his request for a reasonable accommodation.

27. Plaintiff attempted to explain to CRUZ the necessity of the closer parking space. CRUZ cut Plaintiff off and stated, "If you push the issue, I'll get you a spot...way at the top of that fucking hill or way at the bottom."

28. Defendants denied Plaintiff's request for a reasonable accommodation.

29. Defendants discriminated against Plaintiff on the basis of his disability.

30. Defendants failed to engage in an interactive process with Plaintiff after being informed of Plaintiff's disability and Plaintiff's need for a reasonable accommodation.

31. Defendants threatened to retaliate against Plaintiff if he made any further requests for reasonable accommodation.

32. Furthermore, upon learning of Plaintiff's disability and Plaintiff's need for a reasonable accommodation, Defendants began to subject Plaintiff to a hostile work environment on the basis of Plaintiff's disability.

33. On numerous occasions, Defendants cruelly and viciously paged Plaintiff to various areas of The Dealership for no reason other than to make Plaintiff walk unnecessarily.

34. In fact, on several occasions, Defendants knowingly paged Plaintiff to certain areas under the auspices that he was meeting with someone; however, in reality, Defendants

intentionally and maliciously did not have anyone for Plaintiff to meet with.

35. Defendants preyed on Plaintiff's disability with this sickening cat and mouse charade.

36. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

37. Shortly after Plaintiff's discriminatory encounter with CRUZ, Plaintiff approached his direct supervisor, PEREZ, to discuss the issue further.

38. Once again, in or around February 2016, Plaintiff requested a reasonable accommodation from CRUZ. CRUZ told Plaintiff to drop it and not bring the issue up any more.

39. Defendants denied Plaintiff's request for a reasonable accommodation.

40. Defendants discriminated against Plaintiff on the basis of his disability.

41. Defendants failed to engage in an interactive process with Plaintiff after being informed of Plaintiff's disability and Plaintiff's need for a reasonable accommodation.

42. On or about March 18, 2016, after Defendants completed a transaction with a customer, Defendants discovered that the customer had forgotten to sign some documentation related to the transaction.

43. One of Plaintiff's managers, GHAMLOUCH, demanded that Plaintiff forge this customer's signature. Plaintiff refused but GHAMLOUCH insisted. Plaintiff still refused.

44. Shortly thereafter, Plaintiff texted GHAMLOUCH stating, "Forgery is illegal in all 50 states!!"

45. In or around March 2016, GHAMLOUCH wrote Plaintiff up for using his phone during a staff meeting. However, there were numerous other employees that were using their phones to text and even FaceTime, yet no other employees were written up.

46. Defendants retaliated against Plaintiff for his complaints of discrimination on the basis of his

disability.

47. In addition, throughout the course of Plaintiff's employment with Defendants, CRUZ frequently made discriminatory comments and remarks in the presence of Plaintiff and other employees.

48. Specifically, CRUZ frequently told Plaintiff, "Stop acting like a little bitch."

49. Defendants subjected Plaintiff to a hostile work environment on the basis of his sex/gender.

50. On another occasion, Plaintiff witnessed CRUZ referring to another employee who happened to be Haitian-American, Jean-Baptiste, as someone who "looks like fuckin' Planet of the Apes."

51. In fact, Defendants have a history of engaging in a pattern and practice of discriminatory and retaliatory behavior.

52. Several cases of discrimination have been filed or are currently pending against Defendants and CRUZ.

53. Defendants recently settled a separate religious discrimination suit with the U.S. Equal Employment Opportunity Commission for $50,000.

54. An article written by Monsy Alvarado, titled, "Tri-County Lexus in Little Falls, feds settle bias suit involving Sikh from Paramus," details the discrimination to which Defendants subjected Mr. Gurpreet S. Kherha. In or around October 2010, Defendants failed to hire Mr. Kherha because of his beard, which he grew as a part of his Sikh religious practice.

55. Ironically, Alvarado reports that a condition of the settlement required Defendants to provide anti-discrimination training for its employees.

56. Furthermore, another article by Allissa Wickham, titled, "Car Dealer Hit With Suit Over

Manager's Homophobic Remarks" states that "Rene Cruz, the general sales manager of Bob Ciasulli Auto Group Inc., which does business as Tri-County Lexus, created a hostile work environment by incessantly calling them gay and using other homophobic terms" (internal quotations omitted).

57. In addition the article by Ms. Wickham states, "Cruz also made racially discriminatory remarks to him, including saying 'all you terrorists are the same,' and 'you Arabs should learn to have more respect...I will spit on your country and drown everyone in it." Shortly after these employees complained, Defendants terminated their employment.

58. It is clear that Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

59. Staying true to their pattern and practice, Defendants did not stop by only discriminating against Plaintiff. Defendants also retaliated against Plaintiff.

60. On or about March 21, 2016, Plaintiff approached PEREZ and complained that he felt he was being discriminated against.

61. Only days later, on or about March 25, 2016, Defendant wrongfully and unlawfully terminated Plaintiff.

62. Defendants retaliated against Plaintiff for his complaints of discrimination and harassment on the basis of his disability.

63. Defendants discriminated against Plaintiff on the basis of his disability and retaliated against him for his complaints of discrimination on the basis of his disability.

64. In or around April 2015, Defendants' accounting department contacted Plaintiff informing him that there were several checks ready for Plaintiff to pickup.

65. Later that day, Plaintiff arrived at the The Dealership to retrieve his checks.

66. Plaintiff left his vehicle at the front of The Dealership and entered to retrieve his checks. Immediately thereafter, CRUZ violently and abruptly started screaming at Plaintiff and instructed Plaintiff to move his vehicle.

67. Plaintiff replied that he was simply there to pick up his checks and did not want any trouble.

68. CRUZ informed Plaintiff that he would call the police if Plaintiff did not leave the premises immediately. Plaintiff responded that Defendants called him to come to The Dealership and he would leave as soon as he received his payment.

69. Shortly thereafter, CRUZ called the local police to The Dealership.

70. Upon arriving on the scene, the police spoke with Plaintiff and CRUZ. CRUZ informed the police that Plaintiff was driving his vehicle illegally. The police ran Plaintiff's plates and found that there was no merit to CRUZ' allegations.

71. Defendants further retaliated against Plaintiff by calling the police and attempting to have him arrested etc.

72. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

73. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

74. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-

pecuniary losses.

75. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

76. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

77. Plaintiff demands reinstatement to his employment with Defendants.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**TITLE VII**
**(AGAINST TRI-COUNTY LEXUS DEFENDANTS)**

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to    discriminate against any individual with respect to his compensation, terms,        conditions, or privileges of employment, because of such individual's race, color,    religion, sex, or national origin; . . ."

80. The TRI-COUNTY LEXUS DEFENDANTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis

of their national origin, race, and religion, together with causing a hostile work environment based on the same.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## TITLE VII
## (AGAINST TRI-COUNTY LEXUS DEFENDANTS)

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

84. The TRI-COUNTY LEXUS DEFENDANTS engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.,* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

85. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## DISCRIMINATION
## (AGAINST ALL DEFENDANTS)

86. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. New Jersey's Law Against Discrimination ("NJLAD") Section 10:5-12(a) sets forth in pertinent part as follows:

"It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

88. Defendants engaged in unlawful discriminatory practices prohibited by NJLAD Section 10:5 *et seq.*, by discriminating against the Plaintiff because of his national origin, race, and religion,  together with causing a hostile work environment based on the same.

89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the NJLAD Section 10.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### RETALIATION
### (AGAINST ALL DEFENDANTS)

91. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. New Jersey Law Against Discrimination §10:5-12(d) provides that it shall be an unlawful discriminatory practice:

"For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted by this act."

93. Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by NJLAD Section 10:5 *et seq.*, by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING
## (AGAINST ALL DEFENDANTS)

95. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

96. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

"For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

97. Defendants engaged in an unlawful discriminatory practice prohibited by NJLAD Section 10:5 *et seq.*, by aiding, abetting, inciting, compelling and/or coercing the discriminatory, unlawful, and retaliatory conduct as stated herein.

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (AGAINST TRI-COUNTY LEXUS DEFENDANTS)

99. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

100. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

101. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

102. Defendants violated the section cited herein by failing to accommodate Plaintiff BEAN's request for reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his disability.

103. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

104. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (AGAINST TRI-COUNTY LEXUS DEFENDANTS)

105. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

106. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

107. SEC. 12203. [Section 503] states,

"(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

108. Defendants engaged in unlawful employment practice prohibited by the above statute, by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

109. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, 42 U.S.C. §1981, the ADA, and the New Jersey Law Against Discrimination, and that Defendants harassed and discriminated against Plaintiff on the basis of his sex/gender and disability, together with creating a hostile work environment, retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to his date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

D.  Awarding Plaintiff punitive damages against all Defendants, jointly and severally;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Very truly yours,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

Dated: March 27, 2017
           New York, New York

By: _____
         Zack Holzberg, Esq.
         30 Broad Street, 35th Floor
         New York, New York 10004
         (212) 587-0760